[No. 4603. Decided March 5, 1903.]

County of Jefferson, *Respondent,* v. John Trumbull *et al., Appellants.*

**DISMISSAL OF APPEAL — FAILURE TO FILE BRIEF — EXCUSED BY FAIL-URE TO RETURN STATEMENT OF FACTS.**

Under Bal. Code, § 5063, which provides that the proposed statement of facts served upon the respondent shall be returned to the appellant for his use in preparing his brief on appeal, and the time limited by law for filing his brief shall be enlarged to the same extent as the delay made in returning such copy, an appeal should not be dismissed where the failure to file brief was occasioned by delay in returning the statement, even if such proposed statement was faulty and had required consider-able amendment.

Appeal from Superior Court, Jefferson County.—Hon. George C. Hatch, Judge. Dismissal of appeal denied.

*Trumbull & Trumbull,* for appellants.

*J. M. Ralston* and *A. W. Buddress,* for respondents.

The opinion of the court was delivered by

Dunbar, J.—Respondent moves to dismiss the appeal in this case for the reasons (1) that the appellants have not served nor filed any brief on appeal in the action within the time prescribed by law, or at all; and (2) that said appellants have not diligently prosecuted their appeal.

It is conceded by the appellants that they have not served nor filed their briefs on appeal in this action within the time prescribed by law, but their justification is, as shown by the affidavit of their attorney, that the proposed state-ment of facts, which was furnished by the appellants to the respondent's attorneys, has never been returned to the appellants or their attorneys. Section 5062, Bal. Code,

provides that "a proposed bill of exceptions or statement of facts must be filed and served either before or within thirty days after the time begins to run within which an appeal may be taken from the final judgment in the cause, or (as the case may be) from an order with a view to an appeal from which the bill of statement is proposed"; and § 5063 provides that "the copy of a proposed bill or statement which is served as in this chapter prescribed, shall be returned to the party serving the same upon the bill or statement being certified, if he has appealed to the supreme court, or upon his thereafter appealing, for his use in preparing his brief on the appeal, and the time limited by any law or rule of court for the service and filing of his brief shall be enlarged by any delay in returning such copy as herein required to the extent of such delay." So that, under the plain provisions of the statute, the appellants are not in default if it is true that the proposed statement of facts has not been returned to them.

But to overcome this defense an affidavit is filed by respondent's attorney to the effect that the proposed statement of facts and bill of exceptions which was served upon the respondent by the appellants was a sham and false statement of facts; that the respondent proposed amendments to the appellants' proposed statement of facts and bill of exceptions, many of which the court allowed; and that said statement of facts and bill of exceptions was revised by said trial court. A motion was made by the respondent to strike the proposed statement of facts and bill of exceptions of the appellants, upon the ground that it was sham and false, and not a full, true, and correct statement of all material facts concurring at said trial. But the court, upon examination of said proposed statement of facts, denied the motion.

It frequently occurs that the proposed statement of facts

is not the statement in its entirety which is certified to by the court. The object of serving the proposed statement is to elicit amendments if the respondent has any to offer. But the proposed statement of facts served upon the respondent in this case, notwithstanding the fact that amendments were offered and incorporated into the certified statement, was a proposed statement of facts under the statute, and it does not appear that there was any reason why the respondent should not have returned this proposed statement of facts, faulty though it may have been, to the appellants. The law seems to be mandatory on this proposition, and we do not feel justified in dismissing the appeal under the circumstances shown, viz.; that the proposed statement of facts was not returned to the appellants.

The motion will be denied.

FULLERTON, C. J., and HADLEY, MOUNT and ANDERS, JJ., concur.